UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMY NEARY, et al., | ) |
| | ) |
|     *Plaintiffs* | ) |
| | ) |
|     v. | )  Cause No. 3:20-CV-338-RLM-MGG |
| | ) |
| THOR MOTOR COACH, INC., and | ) |
| FORD MOTOR COMPANY, | ) |
| | ) |
|     *Defendants.* | ) |

OPINION AND ORDER

Amy Neary and Susan Eckenrode sued Thor Motor Coach, Inc. and Ford Motor Company alleging that their RV was defective in violation of state and federal law. Thor and Ford moved for summary judgment on all claims, arguing that they didn't violate that parties' limited warranty and that they didn't have an opportunity to repair all of the RV's alleged defects. The court heard oral argument on July 25, and now denies Ford's and Thor's motions for summary judgment and denies Thor's motion to strike expert Dennis Bailey.

*Motion to Exclude Dennis Bailey's Testimony*

Thor moves to exclude Dennis Bailey's opinions in their entirety and preclude Mr. Bailey from testifying at trial. Under Federal Rule of Evidence 702, which governs the admissibility of expert testimony, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" can state an opinion if: (a) the expert's scientific, technical, or other specialized knowledge will

help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

The district court performs a gatekeeping function before admitting such testimony, to ensure that the admitted testimony or evidence is reliable, as well as relevant. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). The proponent of the testimony bears the burden of establishing by a preponderance of the evidence that the testimony meets each of those elements. Varlen Corp. v. Liberty Mut. Ins. Co., 924 F.3d 456, 459 (7th Cir. 2019). In making this assessment the court focuses "solely on the principles and methodology, not the conclusions they generate." Schultz v. Akzo Nobel Paints, LLC, 721 F.3d 426, 431 (7th Cir. 2013) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. at 595).

Thor doesn't challenge Mr. Bailey's educational and experiential qualifications to be considered an expert, and the court concludes based on his curriculum vitae that he qualifies as an expert. Thor says Mr. Bailey's methodology is unreliable because it can't be identified (and so doesn't even reach testability), isn't standard in the industry, and hasn't been peer-reviewed, and wasn't and couldn't be reliably applied.

The court disagrees with Thor's argument that Mr. Bailey's appraisal methodology can't be understood from his report. Mr. Bailey's report lays out his appraisal methodology, which includes the non-exhaustive list of 21 factors of

appraisal procedures and non-exhaustive list of 24 factors that can affect an RV's value. To assign a specific weight to a certain factor when conducting an RV appraisal isn't standard in the RV industry. In several cases, judges of this court have allowed an RV appraisal expert to simply present his final valuation after providing an overview of the specific factors he used. *See e.g.*, Hoopes v. Gulf Stream Coach, 2016 WL 1165683, at *10 (N.D. Ind. Mar. 25, 2016); Pegg v. Nexus RVs LLC, 2019 WL 2772444, at *6 (N.D. Ind. July 2, 2019); Pattee v. Nexus RVs LLC, No. 3:19-CV-162 JD, 2022 WL 834330, at *8 (N.D. Ind. Mar. 21, 2022). The court finds no reason to exclude Mr. Bailey's testimony based on this argument.

Thor says that Mr. Bailey's appraisal methodology is unreliable, claiming it isn't standard in the RV industry and hasn't been peer reviewed. Mr. Bailey's declaration says his methodology is consistent with the standards and generally accepted methodology used in the RV appraisal industry. Thor provides an opposing expert declaration from Doug Lown to support its argument that Mr. Bailey's appraisal methodology isn't consistent with the standards in the RV industry, but Mr. Lown doesn't identify the industry appraisal standards to which he refers, and he doesn't identify how Mr. Bailey deviates from those standards. Further, Mr. Lown has testified that he's "not sure there is any industry standard appraisal practices", he's "not aware of any specific appraisal classes or information strictly on RVs", and he doesn't "know of any written guidelines that are produced in this industry for that topic". Even if the court accepts Mr. Lown's testimony – and the record provides nothing on which to

3

choose between experts on this topic – the industry's inability to agree upon a standard doesn't make Mr. Bailey's methodology less reliable.

Thor's objection based on a lack of testable metrics isn't persuasive. Rule 702 doesn't categorically require such metrics. Mr. Bailey's appraisal opinions aren't easily subjected to rigorous testing and replication. Rule 702 requires reliability of methodology, not necessarily the exacting standards required of a scientific or technical expert. That Mr. Bailey's methodology wasn't formally peer-reviewed weighs against a finding of reliability, but it's not dispositive. The test for reliability of nonscientific experts is flexible and not mechanically scrutinized in the same manner as scientific experts. United States v. Romero, 189 F.3d 576, 584 (7th Cir. 1999); Lees v. Carthage Coll., 714 F.3d 516, 525 (7th Cir. 2013); Pattee v. Nexus RVs, LLC, No. 3:19-CV-162 JD, 2022 WL 834330, at *8 (N.D. Ind. Mar. 21, 2022); Hoopes v. Gulf Stream Coach, Inc., 2016 U.S. Dist. LEXIS 39096, at *35 (N.D. Ind. 2016) (holding that appraisals are not an exact science that can be mechanically scrutinized; rather as long as an explanation of the methodologies and principles supporting the experienced appraiser's opinion were referenced and the conclusions were not based upon speculative belief alone, the report passes muster); *see also* Wendell v. GlaxoSmithKline LLC, 858 F.3d 1227, 1235 (9th Cir. 2017) ("expert testimony may still be reliable and admissible without peer review and publication."). Both of Thor's experts testified that they are unaware of any RV appraisal methodology that has been subject to peer review. The court doesn't find reason to exclude Mr. Bailey's testimony at trial based on this argument.

Lastly, Thor says Mr. Bailey's manufacturing defect and merchantability opinions aren't reliable. Thor argues that Mr. Bailey's report contains no explanation of how he formed the opinion that the alleged defects attributable to Thor reduced the value of the RV by $130,923.17. Thor finds issue with Mr. Bailey's report because it doesn't explain how Mr. Bailey applied his factors of valuation to this specific case; how each factor affected his valuation; and the specific, individual defect values. Further, Thor argues that Mr. Bailey offers two separate and irreconcilable opinions on the RV's value.

A report required by Fed. R. Civ. P. 26(a)(2)(B) needn't include every thought a retained expert had in arriving at his opinions or every word he might say on the stand in his report. This court has rejected any hardline requirement that an expert in an RV case must itemize the cost of repairs or allot a percentage weight value to each factor to meet the Daubert standard. *See e.g.* Pattee v. Nexus RVs LLC, No. 3:19-CV-162 JD, 2022 WL 834330, at *8 (N.D. Ind. Mar. 21, 2022).

Mr. Bailey's report can't be characterized as mere *ipse dixit*. He didn't simply testify that the RV had a certain value because he said so. He explained that in the RV industry, as he has seen and experienced it, he is able to appraise an RV using a list of concerns, inspection of the RV to verify the concerns, and photographic evidence to document the findings.

These arguments essentially address the weight the the trier of fact should give Mr. Bailey's opinion rather than the reliability of the methodology that gave rise to the opinion. Mr. Bailey's report might not provide the level of detail that

5

Thor would like to see, but in exhaustively detailing the information he considered in formulating his conclusion [Doc. No. 43-9 at pp. 2–18], explaining his investigative method [Doc. No. 43-9 at pp. 16,18, 20-23], and outlining the methodological factors he used to parse that information in valuing the RV [Doc. No. 43-9 at pp. 2-17], he has provided plenty of detail to satisfy the requirements of Rule 702. Metavante Corp. v. Emigrant Sav. Bank, 619 F.3d 748, 761 (7th Cir. 2010).

The focus of a court addressing admissibility under Rule 702 must be solely on the principles and methodology, not the conclusions they generate. *See* Daubert v. Merrell Dow Pharms., Inc., 509 U.S. at 595. Thor's arguments about the accuracy and credibility of Mr. Bailey's calculations might persuade a jury, but that is no basis for exclusion. The court finds no reason to exclude Mr. Bailey's testimony at trial, and so denies the motion to exclude his testimony. The jury will be free to accept or reject the evidence presented and find the RV to have not been defective or that specific defects are worth some different amount.

The court denies Thor's motion to strike Dennis Bailey's testimony.

*Summary Judgment Motions: Facts*

"Summary judgment . . . is proper only if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [the movant] is entitled to judgment as a matter of law." Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011); Fed. R. Civ. P. 56(a). The court's summary judgment function isn't "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must construe the evidence, and all inferences that can reasonably be drawn from the evidence, in the light most favorable to the non-moving party. Id. at 249, 255 The movant bears the burden of showing that there is no genuine issue of material fact, but the non-moving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. A fact is material if affects the outcome of the case. Monroe v. Indiana Dep't of Transportation, 871 F.3d 495, 503 (7th Cir. 2017). "A factual dispute is genuine only if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Alston v. City of Madison, 853 F.3d 901, 910–911 (7th Cir. 2017) (quoting Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012)).

To defeat a summary judgment motion, "the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires

7

trial[,]" Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); see also Fed. R. Civ. P. 56(e)(2).

Ms. Neary and Ms. Eckenrode have been on an odyssey to seek repair for their RV. After the purchase, Ms. Neary identified various defects in the RV and repeatedly brought the RV to Thor-approved repair locations to have it repaired under warranty. Some, but not all, the defects were repaired. The RV was at Thor-approved repair shops undergoing warranty repairs for 211 days in all. They sue about 45 defects, which are set forth in detail in Appendix A. Sixteen of those problems are fixed. Only three of the remaining 29 alleged defects are alleged to have three or more repair attempts when the record is viewed as favorably to the plaintiffs as is reasonably possible.

Because this order denies the summary judgment motions, the factual recitation will be brief. Because the motions and ruling turn on the RV's whereabouts at any given time, the court lays out the facts (these are not agreed facts, but rather facts as a reasonable jury could find them) in relation to where the RV was:

> **June 14-27, 2019:** Ms. Neary and Ms. Eckenrode purchased the RV from Camping World Raleigh and felt severe vibration on the way home.
>
> **June 27-July 27, 2019:** the RV was at Camping World Hanover for repairs under the Thor warranty. The plaintiffs' plan, which was later changed, was to return the RV to Camping World Hanover after season and once the necessary parts arrived.

**July 27-July 29, 2019:** the RV left Camping World Hanover for ATEL Bus at Ford's authorization to address the plaintiffs' complaint of severe vibration.

**July 29-August 10, 2019:** the RV went from ATEL Bus to Apple Ford in York, PA. ATEL Bus had determined that the transmission had to be replaced, and Ford wanted that work done at a Ford authorized dealership.

**August 28-29, 2019:** the RV went from Apple Ford to the Elkhart/Wakarusa Service Center for repair work under the Thor warranty. Ford was notified that the severe vibration continued on the trip. The RV left the Elkhart/Wakarusa Service Center at day's end on August 29.

**August 29-October 8, 2019:** the plaintiffs had possession of the RV.

**October 8-November 22, 2019:** the RV was at Camping World Raleigh for work under the Thor limited warranty.

**November 22-30, 2019:** the RV was with Ms. Neary and Ms. Eckenrode, who took it for the Thanksgiving holiday.

**November 30, 2019-February 29, 2020:** the RV was Camping World Raleigh, where repairs under the Thor warranty were said to have been completed. Ms. Neary and Ms. Eckenrode were informed on

December 5 that repairs were done, but they didn't pick the RV up until February.

**March 1-April 14, 2020:** the RV was back at Camping World Raleigh for more work under the Thor warranty, after the plaintiffs concluded the repairs weren't complete.

**April 14-November 16, 2020:** the RV was at Apple Ford for repairs under the Ford limited warranty.

Of the 521 days from June 14, 2019 to November 16, 2020, the plaintiffs had the RV for 63 days, and the defendants or their agents had it for 458 days.

Ms. Neary and Ms. Eckenrode assert breach of warranty on 45 alleged defects. Sixteen of those problems are fixed. Twenty-nine are alleged to remain.

*Thor's Summary Judgment Motion*

Thor and the plaintiffs agree that Indiana law provides the rule of decision in their dispute. Thor argues that Indiana law provides that an RV seller must have had three or more opportunities to repair before it can be said to have had a reasonable opportunity to repair a claimed defect. Indiana law is very favorable to an RV seller, but it's not quite that favorable. The warrantor must have at least three opportunities or a reasonable time in which to repair the claimed defect. *See* Cimino v. Fleetwood Enters., 542 F. Supp. 2d 869, 882; Pegg v. Nexus RVs LLC, 2019, U.S. Dist. LEXIS 110067, at *20 (N.D. Ind. 2019); Bordoni v. Forest River, 2020 U.S. Dist. LEXIS 63919, at *8 (N.D. Ind. 2020). Thor had the

10

RV for 219 days – more than seven months. A reasonable jury viewing these facts in the light most favorable to Ms. Neary and Ms. Eckenrode could decide that Thor had notice and a reasonable opportunity to cure the defects on the Ms. Neary and Ms. Eckenrode's RV and failed to do so within a reasonable time.

The Thor warranty has what the parties describe as a "back-up remedy provision" that provides that if all else fails, the purchasers' "sole and exclusive remedy shall be to have [Thor] pay an independent service shop of your choice to perform repairs to the defect OR if the defect is uncurable, have [Thor] pay diminished value damages." The plaintiffs point to a letter Ms. Neary says she sent to an independent shop, Frank's RV Repair, requesting repairs for the outstanding defects. Ms. Neary and Ms. Eckenrode claim that the independent shop said they couldn't repair it.

Thor says the court shouldn't consider that letter because the plaintiffs didn't submit the letter until a month after the discovery deadline (which already had been extended over Ms. Neary's objection). Thor says that the expired discovery deadline keeps it from seeking additional discovery or even confirm Frank's RV Repair's receipt of the letter. Courts can exclude evidence because of discovery violations, including missed deadlines. Finall v. City of Chi., 239 F.R.D. 504, 506-507 (N.D. Ill. 2006). But Ms. Neary and Ms. Eckenrode failed to disclose the letter due to inadvertence, and Thor provides no evidence of prejudice as to the delay in receipt. Exclusion would be unjustifiably heavy-handed.

A reasonable jury could find that the backup remedy provision failed its essential purpose because the remedy was ineffectual and deprived the plaintiffs

11

of the benefit of their bargain. Martin v. Thor Motor Coach Inc., No. 3:20-CV-13 DRL-MGG, 2022 WL 1443015, at *4 (N.D. Ind. May 6, 2022); *see also* Sunny Indus., Inc. v. Rockwell Int'l Corp., 175 F.3d 1021 (7th Cir. 1999). Although Frank's RV Repair didn't explicitly state that the defects were "uncurable," Thor can't pay the plaintiffs' chosen independent service shop to perform repairs because the independent service shop recommended that Thor or Ford conduct the repairs. The back-up remedy provision provides no basis for an award of summary judgment to Thor.

Because a reasonable jury viewing the evidence in light most favorable to the plaintiffs and drawing all reasonable inferences in their favor could find that the defects asserted by Ms. Neary and Ms. Eckenrode weren't repaired despite Thor's reasonable opportunity to repair and could further find that Ms. Neary and Ms. Eckenrode didn't fail in their obligations under the back-up remedy provision, the court must deny Thor's summary judgment motion.

*Ford's Summary Judgment Motion*

Ford seeks summary judgment, as well. Ford and the plaintiffs agree that Pennsylvania law provides the rule of decision in their dispute. To prevail on a claim for breach of warranty under the Pennsylvania Uniform Commercial Code, a plaintiff must establish that a breach of warranty occurred and that the breach was the proximate cause of the specific damages sustained. Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102 (3rd Cir.1992); Kruger v. Subaru of America, Inc., 996 F.Supp. 451 (E.D.Pa.1998). Pennsylvania law doesn't define

a reasonable opportunity to repair or cure. Ford asks the court to read Pennsylvania law as including Indiana's requirements of three or more repair opportunities and/or a reasonable time to repair. But Pennsylvania hasn't adopted those limitations, and nothing in Pennsylvania law suggests that the highest court in Pennsylvania would adopt provisions as favorable to manufacturers as Indiana law has become.

The plaintiffs identify three alleged defects covered by the Ford warranty: grind in the transmission between first and second gear, a malfunctioning fuel gauge, and a severe vibration. Viewing the evidence as favorably to the plaintiffs as reasonably possible, a reasonable juror could find that Ms. Neary and Ms. Eckenrode presented the RV to Ford for repair of the severe vibration defect under the Ford warranty three times over a period of at least 172 days and the severe vibration was never fixed. The grind in the transmission between first and second gear defect was subject to repair once over a period of at least 140 days and still isn't fixed; as a result, Ms. Neary and Ms. Eckenrode find the RV hard to drive and no longer feel safe driving the RV. Ultimately, whether Ford's warranty failed its essential purpose is a factual question for the jury. Woolums v. Nat'l RV, 530 F. Supp. 2d 691, 701 (M.D. Pa. 2008); *see also* Strickler v. Peterbilt Motors Co., No. Civ. A. 04–3628, 2005 WL 1266674, at *4 (E.D. Pa. May 27, 2005). Aggregating the total repairs, including multiple repair attempts on each Ford repair visit and the total amount of repair time, a reasonable juror could determine that the delay in supplying the remedy and the amount of

13

attempts to remedy the defects results in Ford's warranty failing its essential purpose.

Ford isn't entitled to summary judgment on this record.

*Conclusion*

For these reasons, the court DENIES Thor's summary judgment motion [Doc. No. 41], DENIES Ford's summary judgment motion [Doc. No. 44], and DENIES Thor's motion to exclude the testimony of Dennis Bailey [Doc. No. 47].

SO ORDERED.

ENTERED: September 6, 2022

/s/ Robert L. Miller, Jr.
Judge
United States District Court

APPENDIX A

| Defect Description | Number of Repair Attempts Alleged by the Plaintiff | Fixed or Not Fixed | Covered by Warranty? |
|---|---|---|---|
| 1. Driver's Side Window Hard to Open | 2x | Not fixed | Yes |
| 2. Radio requires an object to turn on for use | 0 | N/A | No |
| 3. Rear Differential is leaking fluid | 0 | N/A | No |
| 4. Inverter not secured to wall | 0 | N/A | No |
| 5. Scratch on passenger side of motor home | 1x | Not fixed | No |
| 6. Scratch on driver's Side out | 2x | N/A | No |
| 7. Scratch on driver's side rear at top | 2x | N/A | No |
| 8. Sunshade does not come down completely at front window | 0 | N/A | Yes |
| 9. Back awning over deck does not open correctly | 1x | Not fixed | Yes |
| 10. Shower Leaks into basement/bathroom floor | 3x | Not fixed | Yes |
| 11. Pantry not repaired correctly | 1x | Not Fixed | Yes |
| 12. Water temperature doesn't stay hot at kitchen sink | 1x | Not Fixed | Yes |
| 13. Inverter doesn't show display | 0x | N/A | No |
| 14. Solar panel doesn't work as designed | 0x | N/A | No |

15

| | | | | |
|---|---|---|---|---|
| 15. | Passenger side front wheel missing center decorative hub cover | 0x | N/A | Yes |
| 16. | Paint flaw on passenger side ramp door | 0x | N/A | No |
| 17. | Passenger side ramp door has gap at bottom | 0x | N/A | Yes |
| 18. | Cover for fuse/breaker panel missing | 0x | Not Fixed | Yes |
| 19. | Tray on passenger side cracked | 0x | N/A | Yes |
| 20. | Sealant on roof cracked | 1x | Not Fixed | Yes |
| 21. | Wall border tape in bathroom is wrinkled | 2x | Fixed | Yes |
| 22. | Paint chips on rear ramp door | 0x | N/A | No |
| 23. | Front hood latch will not allow the door to open | 0x | N/A | Yes |
| 24. | Front dash air conditioner does not work | 1x | N/A | Yes |
| 25. | Daylight visible at accelerator pedal | 0x | N/A | Yes |
| 26. | Driver's side slide out | 3x | Not Fixed | Yes |
| 27. | Shower Molding coming out | 1x | Not Fixed | Yes |
| 28. | Couch has cut/slit | 1x | Not Fixed | Yes |
| 29. | Crooked cup holder in garage couch | 1x | Not Fixed | Yes |
| 30. | Garage doorknob stopper missing | 1x | Not fixed | Yes |
| 31. | Diamond shield coming off | 1x | Not Fixed | Yes |
| 32. | Pleather shelf ripping | 1x | Fixed | Yes |

| | | | | |
|---|---|---|---|---|
| 33. | Software recall | 1x | Fixed | Yes |
| 34. | Cabinet hinge broken | 1x | Fixed | |
| 35. | Outlets inoperative | 1x | Fixed | Yes |
| 36. | Vents not blowing air | 1x | Fixed | Yes |
| 37. | Entry door won't stay closed | 2x | Not fixed | Yes |
| 38. | Microwave blowing breaker | 1x | Not fixed | Yes |
| 39. | Drawers open during transit | 3x | Not fixed | Yes |
| 40. | Vinyl floor lifting | 2x | Not fixed | Yes |
| 41. | Excessive sawdust falling out of areas | 1x | Not fixed | Yes |
| 42. | Floor registers not properly sealed | 1x | Fixed | Yes |
| 43. | Bathroom faucet loose | 2x | Fixed | Yes |
| 44. | Bed off track | 2x | Fixed | Yes |
| 45. | Panels Loose | 1x | Fixed | Yes |
| 46. | Passenger side cup holder cracked | 1x | Fixed | Yes |
| 47. | Bathroom fan inoperative | 1x | Not fixed | Yes |
| 48. | Bunk netting pulled away | 1x | Not fixed | Yes |
| 49. | Lug nut missing | 1x | Not fixed | Yes |
| 50. | Ceiling trim falling down | 1x | Fixed | Yes |
| 51. | Molding over tv falling down | 1x | Not fixed | Yes |
| 52. | Flat panel above fridge falling off | 1x | Fixed | Yes |

17

| | | | |
|---|---|---|---|
| 53. Can see light through kitchen ceiling fan | 1x | Not fixed | Yes |
| 54. Molding behind toilet pulling away | 1x | Not fixed | Yes |
| 55. Bathroom wallpaper wrinkled and peeling | 2x | Not fixed | Yes |
| 56. Molding around garage A/C coming off | 2x | Not fixed | Yes |
| 57. Passenger side compartment lock inoperative | 1x | Fixed | Yes |
| 58. Compartment door missing spring | 1x | Fixed | Yes |
| 59. Bubble under window sink | 1x | Fixed | Yes |